FENNEMORE CRAIG, P.C.
David W. Dachelet (No. 6615)
Alexis L. Brown (No. 12338)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: ddachelet@fclaw.com
       albrown@fclaw.com

Attorneys for Plaintiff FH PARTNERS, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FH PARTNERS, LLC, | Case No.: 2:11-cv-00796-LRH-RJJ |
| Plaintiff, | |
| vs. | |
| LYNN M. LEANY, both individually and as trustee of the LYNN M. LEANY FAMILY TRUST; TODD L. LEANY, both individually and as trustee of the TODD LEE LEANY IRREVOCABLE TRUST; and TAMRA MAE L. HUNT, both individually and as trustee of the TAMRA MAE L. HUNT IRREVOCABLE TRUST, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

    Plaintiff FH PARTNERS, LLC by and through its undersigned counsel of record, Fennemore Craig, P.C.; Defendants LYNN M. LEANY, both individually and as Trustee of the LYNN M. LEANY FAMILY TRUST, and TAMRA MAE L. HUNT, both individually and as trustee of the TAMRA MAE L. HUNT IRREVOCABLE TRUST, by and through their undersigned counsel of record, Matthew L. Johnson & Associates. P.C.; and Defendants TODD L. LEANY, both individually and as trustee of the TODD LEE LEANY IRREVOCABLE TRUST, by and through their undersigned counsel of record, Albright, Stoddard, Warnick & Albright, hereby stipulate and agree as follows:

    WHEREAS the Parties[1] already have or anticipate that they will produce documents or provide information in the courts of the above-captioned matter that contain certain personal,

---

[1]    That is, Plaintiff together with all named Defendants.

iManage/DDACHELE/6633746.1/027290.0013

FENNEMORE CRAIG, P.C.
LAS VEGAS

confidential business, financial or commercial information, trade secrets, or competitively sensitive information (the "Confidential Information");

WHEREAS the Parties desire to protect any Confidential Information that may be disclosed or used in the above-captioned matter;

WHEREAS the Parties hereby enter into the terms of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) limiting the disclosure of the Confidential Information that may be produced or otherwise discovered in the above-captioned matter (the "Lawsuit").

Based on the foregoing,

IT IS HEREBY STIPULATED AND AGREED as follows:

1.  The Parties expressly agree, without objection, that the *Loan Sale Agreement by and between Federal Deposit Insurance Corporation in its Corporate and/or Receivership Capacity and FH Partners, LLC* and related documents, with all information related to loans that are not the subject of the above-captioned matter redacted, and bearing bates stamp numbers FH00462 through and including FH00550, are and shall be maintained and treated as CONFIDENTIAL pursuant to the terms of this Stipulated Protective Order.

2.  The Parties further expressly agree, without objection, that the *Todd L. and Shelly J. Leany Personal Financial Report (Compiled)*, dated May 12, 2009, prepared by Rich Wightman and Company, which has previously been disclosed by Plaintiff (and regardless of when such report was originally disclosed by Plaintiff), bearing bates stamp numbers FH00338 through and including FH00349, is and shall be maintained and treated as CONFIDENTIAL pursuant to the terms of this Stipulated Protective Order.

3.  The Parties further expressly agree, without objection, that the *Timothy and Tamara Hunt Personal Financial Report (Compiled)*, dated May 12, 2009, and the *Mr. Lynn M. Leany Personal Financial Report (Compiled)*, also dated May 12, 2009, prepared by Rich Wightman and Company, which has previously been disclosed by Plaintiff (and regardless of when such report was originally disclosed by Plaintiff), bearing bates stamp numbers FH00317 through and including FH00337, is and shall be maintained and treated as CONFIDENTIAL pursuant to the terms of this Stipulated Protective Order.

4.  Any other information, document, or thing produced or created in connection with the Lawsuit that is reasonably believed by a Producing Party[2] to contain proprietary information, confidential research, or other commercially sensitive material, the disclosure of which would tend to cause substantial harm to the Producing Party's legitimate business or privacy interests, or the privacy interest of the Producing Party's employees or customers, may be designated as "Confidential Material."[3] Similarly, any person or entity receiving any information, document, or thing produced or created in connection with the Lawsuit, regardless of whether the receiving party is a Party to the Lawsuit (hereinafter a "Receiving Party"), may also similarly assert that documents, materials, information or testimony received or heard is Confidential Material in the same manner as a Producing Party may make this assertion.

5.  The designation of Confidential Material shall be made by either (1) labeling each document deemed confidential with the following designation: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in *FH Partners, LLC v. Lynn M. Leany, et al.*, Case No. 2:11-cv-00796-LRH-RJJ" or any other marking that brings the confidential nature of the document or materials to the attention of a reasonable examiner; or (2) advising counsel for the Parties in writing of the documents or materials, or portions thereof, that are considered Confidential Material and advising counsel of the bates numbers of such documents or materials. When original documents are produced in bulk, a party may designate an entire group of documents as Confidential Material.

6.  Confidential Material may be given, shown, made available to, or communicated only to the following persons: (a) the Parties (including the Parties' officers, directors, members, trustees, partners, or in-house legal personnel) and their counsel of record, including employees of counsel who need access to such Confidential Material for purposes of the Lawsuit (e.g., copy

---

[2] A "Producing Party" shall refer to any person or entity producing information, documents, discovery responses, or testimony in connection with the Lawsuit, regardless of whether the Producing Party is a Party to the Lawsuit. Additionally, the terms party or parties refer to the current parties to the Lawsuit as well as any parties who may later be added to or join the Lawsuit. The terms of this Stipulated Protective Order shall automatically apply to any such later added or joined parties.

[3] "Confidential Material" may include (a) papers, tapes, documents (including responses to written discovery requests), disks, diskettes, and other tangible things produced or obtained from a Producing Party; (b) deposition testimony in this Lawsuit, including transcripts or portions of transcripts and exhibits thereto; and (c) copies, extracts, and complete or partial summaries prepared from such papers, documents, or things.

iManage/DDACHELE/6633746.1/027290.0013

services, runners, legal assistants, paralegals, etc. for purposes of copying, filing, scanning, etc.)); (b) third party consultants, vendors, and independent experts employed by counsel for purposes of the Lawsuit; (c) Witnesses called to testify at deposition or trial in the Lawsuit; and (d) Court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of the Lawsuit.

7. Confidential Material may not be shown or disclosed to persons other than those referenced in Paragraph 6 above unless (a) the party who first produced the Confidential Material consents in writing; and (b) the party to whom the Confidential Material is consented to be disclosed to executes an Agreement to be Bound by the Protective Order Regarding Confidentiality of Documents, the form of which is attached hereto as **Exhibit A**.

8. A party who neglects to appropriately designate Confidential Material when produced as provided for in Paragraph 5 above may thereafter designate such Confidential Material as confidential by giving written notice to all parties within thirty (30) days after production of the bates stamp numbers of documents that should be so designated.

9. Nothing in this Stipulated Protective Order shall prohibit a Party or its counsel from disclosing Confidential Material to the following persons: (a) person(s) who authored the Confidential Material; and (b) person(s) who previously received the Confidential Material without violating this Stipulated Protective Order.

10. The Parties need not challenge the propriety of a designation of Confidential Material when first made in order to preserve such a challenge. Rather, if a party comes to disagree with any designation of Confidential Material, that party shall notify the designating party in writing of the disagreement with the designation. Those parties shall attempt to resolve the dispute informally and in good faith, but if the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.

11. Each party is responsible for ensuring that access to information and materials designated as Confidential Material is permitted only to those persons identified in this Stipulated Protective Order. All documents, information, and materials designated as Confidential Material shall at all times be kept secure by the Parties and their counsel in such a manner as to reasonably

protected against the inadvertent disclosure of such Confidential Material to any person not entitled to view or possess said Confidential Material as stated herein.

12.     If any Party or their counsel learns that of any possession, knowledge, use or disclosure of any Confidential Material by any person not specifically authorized by this Stipulated Protective Order to possess said Confidential Material, that Party and/or its counsel shall immediate notify all Parties in writing, providing all knowledge of such unauthorized possession, knowledge, use or disclosure of Confidential Material.  The Parties agree to cooperate in any litigation to prevent unauthorized use or further dissemination of the Confidential Material or its contents.

13.     Copies, summaries, abstracts or duplications of Confidential Material, whether oral, written, or in any other form, including electronic means, shall be considered the same as the Confidential Material itself and shall have the same restrictions placed upon them as the Confidential Material as stated in this Stipulated Protective Order.

14.     Before receiving access to Confidential Material, each person identified in Paragraph 6 shall be provided a copy of this Stipulated Protective Order.

15.     Before using any Confidential Material during any motion or other proceeding in the Lawsuit, a party shall ensure that the confidentiality of such Confidential Material(s) is protected by taking appropriate measures, including but not limited to sealing and redacting Court records and ensuring that any portion of any transcript from such motion or proceeding that reveals Confidential Material is not disclosed in contravention of this Stipulated Protective Order.  The Parties and their counsel shall at all times exercise due care not to disclose Confidential Material.

16.     If Confidential Material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Stipulated Protective Order to receive such Confidential Material may be present.  Portions of the transcripts of testimony and exhibits revealing Confidential Material shall be handled to ensure the confidentiality provided for in this Stipulated Protective Order.

17.     The production of information, documents, and materials designated as

Confidential Material pursuant to this Stipulated Protective Order shall in no way constitute a general or limited waiver of: (a) any right to object to the production or use of the same information or material on other grounds; (b) the attorney-client, work product or other privilege or legal protection; or (c) any right to object to the production or use of the Confidential Material or any other documents in this Lawsuit or in any other litigation. In addition, an election by any party to disclose any portion of the Confidential Material to others shall not be deemed as a waiver of any of the rights established by this Stipulated Protective Order.

18. If any party or counsel receiving Confidential Material in the Lawsuit is requested to produce such Confidential Material in another action or proceeding pursuant to subpoena, discovery request or other legal process, that party shall promptly notify, in writing, the party in this Lawsuit who produced the Confidential Material, so that such producing party can assert a timely objection. Nothing herein, however, shall require the party who received such Confidential Material to challenge or appeal any order requiring the production of such Confidential Material in another action or proceeding, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek relief from this Court.

19. Within thirty (30) days of the conclusion of the Lawsuit, including any appeal thereof, all of the Confidential Material, including any copies or summaries thereof, and all of the executed Agreements to be Bound by the Protective Order Regarding Confidentiality of Documents, shall be returned to the party (or its counsel) that originally produced such Confidential Material, upon written request for the same.

20. This Stipulated Protective Order may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

21. Counsel executing this Stipulated Protective Order represent and warrant that they have authority from their respective clients to bind them to this Stipulated Protective Order.

/ / /

/ / /

/ / /

iManage/DDACHELE/6633746.1/027290.0013

- 6 -

22.     This Stipulated Protective Order shall survive the termination of the Lawsuit, and the Court shall retain jurisdiction to resolve any dispute concerning the Confidential Material.

DATED this 23 day of January, 2012.          DATED this 23rd day of January, 2012.

FENNEMORE CRAIG, P.C.                        MATTHEW L. JOHNSON & ASSOC., P.C.

By: _____                By: _____
   David W. Dachelet (No. 6615)                  Matthew L. Johnson (No. 6004)
   Alexis L. Brown (No. 12338)                   Russell G. Gubler (No. 10889)
   300 S. Fourth Street, Suite 1400              Katie A. Bindrup (No. 12181)
   Las Vegas, Nevada 89101                       8831 W. Sahara Ave.
                                                 Las Vegas, Nevada 89117
Attorneys for Plaintiff
FH PARTNERS, LLC                             Attorneys for Defendants
                                             LYNN M. LEANY, both individually and as
                                             trustee of the LYNN M. LEANY FAMILY
                                             TRUST, and TAMRA MAE L. HUNT, both
                                             individually and as trustee of the TAMRA
                                             MAE L. HUNT IRREVOCABLE TRUST

DATED this 23 day of January, 2012.

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

By: _____
   D. Chris Albright (No. 4904)
   William H. Stoddard, Jr. (No. 8679)
   801 South Rancho Dr, Ste D4
   Las Vegas, Nevada 89106

Attorneys for Defendants
TODD L. LEANY, both individually and as
trustee of the TODD LEE LEANY
IRREVOCABLE TRUST

**ORDER**

IT IS SO ORDERED.

DATED this 24 day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

iManage/DDACHELE/6633746.1/027290.0013

# EXHIBIT A

## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, the undersigned, hereby acknowledge that I have received and read a copy of the Stipulated Protective Order entered in *FH Partners, LLC v. Lynn M. Leany, et al.*, Case No. 2:11-cv-00796-LRH-RJJ, United States District Court for the District of Nevada (the "Lawsuit"); that I understand the provisions in the Stipulated Protective Order prohibiting the disclosure, exploitation, or use of Confidential Material or other discovery or deposition testimony for any purpose or in any manner not connected with the prosecution or defense of the Lawsuit; that I agree to be bound by all provisions of the Stipulated Protective Order; that I submit to the jurisdiction of the Court in which the Lawsuit is pending; and that I understand that sanctions may be imposed by the Court, including civil and criminal penalties for contempt of Court, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Stipulated Protective Order.

DATED this _____ day of _____, 20___.

_____
Signature

_____
Printed Name

_____
Address

_____
Telephone Number