UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FH PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-0796-LRH-NJK |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LYNN M. LEANY; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court is plaintiff FH Partners, LLC ("FH Partners") motion for summary judgment. Doc. #26.[1]

Also before the court is defendants Lynn M. Leany ("Lynn Leany"), individually and as trustee of the Lynn M. Leany Family Trust; Todd L. Leany ("Todd Leany"), individually and as trustee of the Todd Lee Leany Irrevocable Trust; and Tamra Mae L. Hunt's ("Hunt") cross-motion for summary judgment. Doc. #37.

**I.  Facts and Background**

In December 2007, 600 N. Airport Road, LLC ("Borrower"), entered into a business loan agreement for $2,400,000 with Silver State Bank ("Silver State") for the purchase of real property. Defendants Lynn M. Leany, individually and as trustee of the Lynn M. Leany Family Trust; Todd L. Leany, individually and as trustee of the Todd Lee Leany Irrevocable Trust; and Tamra Mae L.

---

[1] Refers to the court's docket number.

Hunt, individually and as trustee of the Tamra Mae L. Hunt Irrevocable Trust, signed commercial guaranty contracts for the business loan agreement.[2]

In September 2008, Silver State was placed under the receivership of the Federal Deposit Insurance Corporation ("FDIC"). In March 2009, the FDIC assigned all rights, title and interest in the business loan agreement and accompanying commercial guarantees to plaintiff FH Partners, LLC ("FH Partners"). Doc. #26, Exhibit 1.

Pursuant to the business loan agreement, the original loan maturity date was December 13, 2010. Doc. #26, Exhibit 2. At Borrower's request, and through defendant Todd Leany as representative for Borrower, FH Partners extended the maturity date to March 13, 2011. Doc. #26, Exhibit 8. In order for the extension to become effective, Borrower had to make a 10% reduction in principal payment of $204,326.20 that was to be paid in two installments: an initial $50,000 payment by December 15, 2010, and a balance payment of $154,326.20 no later than March 13, 2011. *Id*. The initial payment of $50,000 was received, but no additional payments were made by the March 13, 2011 deadline. In an effort to further extend the maturity date, an additional $50,000 was paid on April 25, 2011, but no additional forbearance agreement was effectuated.

On May 17, 2011, FH Partners filed a complaint against defendants for breach of the guaranty agreements. Doc. #1. Thereafter, FH Partners filed the present motion for summary judgment seeking a deficiency judgment of $1,948,803.80, representing remaining principal ($1,907,138.65), interest ($28,486.54), and other associated costs ($13,178.61). Doc. #26. Defendants filed a cross-motion for summary judgment that the commercial guaranties are null and void. Doc. #37.

On May 14, 2012, the court heard argument on the parties' motions. Doc. #54. After the hearing, Borrower filed a petition for bankruptcy. In the bankruptcy action, case no. 12-14766-LBR, Borrower sought to auction off the underlying real property. In response, FH Partners, who

---

[2] A copy of all individually signed commercial guaranty contracts is attached as Exhibit 4 to FH Partners' motion for summary judgment. Doc. #26, Exhibit 4.

previously had not taken any action against the secured property, filed a motion with the bankruptcy court to enforce its lien against the property. As a result of FH Partner's filings in the bankruptcy action, defendants filed a supplemental opposition to FH Partner's motion for summary judgment. Doc. #55.

## II.     Legal Standard

### A. Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute

regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**B. Contract Interpretation**

Under Nevada law, insurance policies are contracts, which must be enforced according to their terms. *Continental Cas. Co. v. Summerfield*, 482 P.2d 308, 310 (Nev. 1971). The starting point for interpreting any contract is the plain language of the contract. *McDaniel v. Sierra Health and Life Ins. Co., Inc.*, 53 P.3d 904 (Nev. 2002); *see also, Klamatch Water Users Protective Ass'n v. Patterson*, 20 F.3d 1206, 1210 (9th Cir. 1999) ("Whenever possible, the plain language of the contract should be considered first.").

When a contract contains clear and unequivocal provisions, those provisions shall be construed to their usual and ordinary meaning. *Dickenson v. Nevada*, 877 P.2d 1059, 1061 (Nev. 1994). Thereafter, using the plain language of the contract, the court shall effectuate the intent of the parties, which may be determined in light of the surrounding circumstances. *See 2 NGA #2 Ltd. Liab. Co. v. Rains*, 133 Nev. 1151, 1158 (1997); *see also, Burrows v. Progressive Casualty Ins.*, 820 P.2d 748, 749 (Nev. 1991); *Klamatch Water Users*, 20 F.3d at 1210 ("Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself.").

In the absence of ambiguity, contract interpretation is an issue of law for the court, and may be decided on a motion to dismiss. *P.J. Maffei Bldg. Wrecking Corp. v. United States*, 732 F.2d 913, 916 (Fed. Cir. 1984). A contract term is ambiguous if it is "reasonably susceptible to more than one interpretation." *Shelton v. Shelton*, 78 P.3d 507, 510 (Nev. 2003).

///

///

///

**III. Discussion**

**A. Liability**

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

Here, the language of the Loan Agreement, Note and Guaranties are clear and unambiguous on their face. The Loan Agreement and Note unequivocally provide that a failure to make required principal and interest payments constitutes a default and breach of the loan agreement. It is undisputed that Borrower did not make all necessary payments.

Further, it is undisputed that through the guaranties, each individual defendant guaranteed Borrower's obligations under the loan agreement. The guaranties specifically provide that each guarantor agreed to "absolutely, unconditionally and irrevocably guarantee full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." Doc. #26, Exhibit 4. Therefore the court finds that defendants breached the commercial guaranties.

In opposition, defendants argue that they are not liable for Borrower's obligations because the subsequent modification to the loan was a novation. *See* Doc. #37. Generally, "[g]uarantors and sureties are exonerated if the creditor, by any act done without their consent, alters the obligations of the principal in any respect, or impairs or suspends the remedy for its enforcement." *Williams v. Crusader Discount Corp.*, 334 P.2d 834, 845 (Nev. 1959). Defendants contend that the extension to the maturity date changed the obligations of the original loan agreement without their consent, and as such, their individual guaranties are null and void.

The court disagrees. Although defendants have properly stated the general rule concerning novation, an exception exists when the guarantors agreed to allow modifications to the principal indebtedness without their consent. When a guaranty agreement permits modification of the

5

underlying obligation, the general rule discharging the guarantor does not apply. *See J.P. Morgan Chase Bank, N.A. v. KB Home*, 74 F. Supp. 2d 1192, 1205 (D. Nev. 2010) (holding that contractual waiver precludes claim of exoneration of guaranty obligations).

Here, defendants specifically agreed to allow the lender to change the maturity date and interest rate on the principal indebtedness as part of their guaranty. *See* Doc. #26, Exhibit 4 (authorizing the lender to ""without notice or demand and without lessening Guarantor's liability under this Guaranty, from time to time: . . . (B) to alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other times of the Indebtedness or any part of the Indebtedness, including increases and decreases of the rate of interest on the Indebtedness; extensions may be repeated and may be for longer than the original loan term."). Therefore, the court finds that the subsequent novation to the original loan does not void the individual guaranties of defendants. Accordingly, the court finds that defendants are liable under their commercial guaranties for the undisputed breach of the loan agreements and shall grant FH Partner's motion.

**B. Damages**

In their cross-motion defendants argue that even if liability is established, the court cannot issue a deficiency judgment without first holding a fair market valuation hearing pursuant to NRS 40.455 *et seq*. *See* Doc. ##37, 55. The court agrees. Pursuant to NRS 40.455, the court cannot award a deficiency judgment without holding a hearing under NRS 40.457 to have the court determine the fair market value of the underlying property. As such, the court cannot award a deficiency judgment at this time and shall deny FH Partner's motion for summary judgment on the issue of damages.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #26) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS FURTHER ORDERED that defendants' cross-motion for summary judgment (Doc. #37) is DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days from entry of this order to file opening briefs of not more than fifteen (15) pages concerning the fair market value of the property at issue. The parties shall then have ten (10) days after the filing of opening briefs to file response briefs of not more than ten (10) pages. Thereafter, the court shall set a fair market valuation hearing pursuant to NRS 40.457.

IT IS SO ORDERED.

DATED this 19th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE