UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FH PARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | 2:11-cv-0796-LRH-NJK |
| ) | |
| v. ) | |
| ) | ORDER |
| LYNN M. LEANY; et al., ) | |
| ) | |
| Defendants. ) | |

This is an order entering a prospective deficiency judgment in favor of plaintiff FH Partners, LLC ("FH Partners") and against substituted defendant Mark D. Rich ("Rich"), the identified successor trustee of the Lynn M. Leany Family Trust, in the amount of five hundred ninety-eight thousand four hundred sixty-four dollars and twenty-two cents ($598,464.22) plus interest at the contracted default rate of prime plus five and one-half percent.

**I.    Facts and Background**

In December 2007, 600 N. Airport Road, LLC ("Borrower"), entered into a $2,400,000 business loan agreement with Silver State Bank ("Silver State") for the purchase of real property in Cedar City, Utah. Defendants Lynn M. Leany, individually and as trustee of the Lynn M. Leany Family Trust; Todd L. Leany, individually and as trustee of the Todd Lee Leany Irrevocable Trust; and Tamra Mae L. Hunt, individually and as trustee of the Tamra Mae L. Hunt Irrevocable Trust,

(collectively "defendants") signed commercial guaranty contracts for the business loan agreement.[1] Pursuant to the business loan agreement, the original loan maturity date was December 13, 2010. Doc. #26, Exhibit 2.

In September 2008, Silver State was placed under the receivership of the Federal Deposit Insurance Corporation ("FDIC"). In March 2009, the FDIC assigned all rights, title and interest in the business loan agreement and accompanying commercial guarantees to FH Partners. Doc. #26, Exhibit 1.

On May 17, 2011, after the loan had matured, FH Partners filed a complaint against defendants for breach of the guaranty agreements. Doc. #1. Thereafter, FH Partners filed a motion for summary judgment seeking a deficiency judgment of $1,948,803.80, representing remaining principal ($1,907,138.65), interest ($28,486.54), and other associated costs ($13,178.61). Doc. #26. In response, defendants filed a cross-motion for summary judgment arguing that the commercial guaranties were null and void. Doc. #37.

On May 14, 2012, the court heard argument on the parties' motions. Doc. #54. After the hearing, Borrower filed a petition for bankruptcy. In the bankruptcy action, case no. 12-14766-LBR, Borrower sought to auction off the underlying real property. In response, FH Partners, who previously had not taken any action against the secured property, filed a motion with the bankruptcy court to enforce its lien against the property. As a result of FH Partner's filings in the bankruptcy action, defendants filed a supplemental opposition to FH Partner's motion for summary judgment. Doc. #55.

On March 19, 2013, the court issued an order granting in-part and denying in-part FH Partners' motion for summary judgment and denying defendants' cross-motion for summary judgment. Doc. #58. In that order, the court held that the defendants' commercial guarantees were valid and enforceable. *Id*. p. 5-6. The court further held that defendants breached their commercial

---

[1] A copy of all individually signed commercial guaranty contracts is attached as Exhibit 4 to FH Partners' motion for summary judgment. Doc. #26, Exhibit 4.

guarantees and entered a finding of liability for a deficiency judgment against the defendants. However, as a determination of the actual amount of the deficiency judgment could not be made without first establishing the fair market value of the property, the court requested additional briefing on that issue. *Id*. p.6-7.

Subsequently, the parties filed their briefs regarding the fair market value of the property. *See* Doc. ##60, 61, 64. During the parties' briefing, FH Partners entered into stipulations to dismiss both defendant Todd L. Leany, individually and as trustee of the Todd Lee Leany Irrevocable Trust; and defendant Tamra Mae L. Hunt, individually and as trustee of the Tamra Mae L. Hunt Irrevocable Trust, from this action with prejudice. *See* Doc. ##65, 67. Also during this time, defendant Lynn Leany died. *See* Doc. #66. Defendant Rich, the successor trustee of the Lynn M. Leany Family Trust, filed a motion for substitution (Doc. #70) which was granted by the court (Doc. #71).

This valuation order and prospective deficiency judgment follows this extensive history. As FH Partners has already successfully established liability, all that remains is for this court to determine the fair market value of the underlying property and, from that, determine the amount of the deficiency judgment to be entered in favor of FH Partners and against remaining defendant Rich, as the successor trustee of the Lynn M. Leany Family Trust.

**II.     Legal Standard**

Pursuant to NRS 40.455, a court shall award a deficiency judgment to a judgment creditor upon a finding that there is a deficiency between the proceeds of a trustee's sale and the balance owed to the judgment creditor. NRS 40.455(1). However, before a court issues a deficiency judgment, the court must take evidence "concerning the fair market value of the property sold as of the date of foreclosure sale or trustee's sale." NRS. 40.457(1). After determining the fair market value of the property, "the court shall award a judgment against the . . . guarantor . . . who is personally liable for the debt." NRS 40.459(1). The amount of the deficiency judgment shall not be more than "[t]he amount by which the amount of the indebtedness which was secured exceeds the

fair market value of the property sold at the time of the sale, with interest from the date of the sale." NRS 40.459(1)(a).

### III. Discussion

This is a fair market valuation determination pursuant to NRS 40.457. The issues before the court are (1) what was the fair market value of the underlying property at the date of the sale, and (2) what amount should be entered as a deficiency judgment, if any. The court shall address both issues below.

#### A. Fair Market Valuation

In a typical deficiency case, the "date of sale" is the date that the beneficiary of the relevant deed of trust conducted a duly noticed foreclosure sale. However, in this action there was no actual foreclosure sale, thus begging the question of the operative date of the sale under NRS 40.469. For purposes of determining the fair market value of the property, the date a deed in lieu of foreclosure is recorded may be used as the operative valuation date because a deed in lieu is the functional equivalent of a duly noticed foreclosure sale. *See Moloney v. Boston Five Cent Sav. Bank FSB*, 663 N.E. 2d 811, 813 (Mass. 1996) ("A deed in lieu is, for a great many purposes, the functional equivalent of a formal foreclosure."). Here, FH Partners received a deed in lieu of foreclosure from Borrower's bankruptcy estate on March 22, 2013. Therefore, the court shall use March 22, 2013, as the date for evaluating the fair market value of the property.

Reviewing the documents and pleadings on file in this matter, as well as the undisputed evidence submitted in support of FH Partners' valuation brief, the court finds that the fair market value of the underlying property as of March 22, 2013, was $1,200,000. In Nevada, "[f]air market value is generally defined as the price which a purchaser, willing but not obliged to buy, would pay an owner willing but not obliged to sell, taking into consideration all the uses to which the property is adapted and might in reason be applied." *Unruh v. Streight*, 615 P.2d 247, 249 (Nev. 1980). Here, the only evidence before the court concerning the fair market value of the property is an appraisal conducted on March 22, 2013. In that appraisal, the appraiser - taking into account typical

4

market exposure times, the commercial real estate market in Cedar City, Utah, and the highest and best use of the property - determined that the property's fair market value was $1,200,000. *See* Doc. #60, Exhibit 6. As this is the only evidence of fair market value, the court shall accept this figure and value the underlying property at $1,200,000.

### B. Deficiency Judgment Amount

As liability has already been established, FH Partners is entitled to a deficiency judgment in an "amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale." NRS 40.459(1). That is, FH Partners is entitled to judgment against the Lynn M. Leany Family Trust for the amount of the indebtedness less $1,200,000.

The undisputed indebtedness as of March 22, 2013, was $1,923,464.22. *See* Doc. #60, Exhibit 4. Subsequent payments of $125,000 reduced the total indebtedness to $1,798,464.22. *Id*. Subtracting the $1,200,000 fair market value from the remaining indebtedness, FH Partners is entitled to a deficiency judgment in the amount of $598,464.22 plus interest at the contracted default rate of prime plus five and one half percent. Accordingly, the court shall enter a prospective deficiency judgment in this amount.

However, as Rich has only recently been substituted as a defendant in this action, the court shall grant him thirty (30) days to file an objection to this order, if any. If, after thirty days from entry of this order, an objection is not filed, the court shall enter a final deficiency judgment in favor of FH Partners in the amount of $598,464.22 plus interest at the contracted default rate of prime plus five and one half percent.

///
///
///
///
///

IT IS THEREFORE ORDERED that the clerk of court shall enter a prospective deficiency judgment in favor of plaintiff FH Partners, LLC, and against defendant Mark D. Rich ("Rich"), as the successor trustee of the Lynn M. Leany Family Trust, in the amount of five hundred ninety-eight thousand four hundred sixty-four dollars and twenty-two cents ($598,464.22) plus interest at the contracted default rate of prime plus five and one-half percent.

IT IS FURTHER ORDERED that defendant shall have thirty (30) days from entry of this order to file an objection to the court's order, if any. If, after thirty days from entry of this order, an objection is not filed, the clerk of court shall enter a final deficiency judgment in favor of FH Partners, LLC and against defendant Mark D. Rich ("Rich"), as the successor trustee of the Lynn M. Leany Family Trust, in the amount of five hundred ninety-eight thousand four hundred sixty-four dollars and twenty-two cents ($598,464.22) plus interest at the contracted default rate of prime plus five and one-half percent.

IT IS SO ORDERED.

DATED this 27th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE